UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA CENTENO, MARY HOFFMAN, SUSAN ROUTH and JANICE WILEN, on behalf of themselves and others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES OF THE STATE OF WASHINGTON,<br><br>     Defendant. | NO.<br><br>COMPLAINT FOR MONEY DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>JURY TRIAL DEMANDED |

Plaintiffs allege as follows:

## I.  INTRODUCTION

1.1  Plaintiffs are individuals who provide in-home care services to adults with

disabilities ("Individual Providers").  Plaintiffs receive compensation for their services from the

State of Washington Department of Social and Health Services ("DSHS"), pursuant to a

Medicaid waiver that DSHS received from the federal government.

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 1

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1.2     Invoking the authority of the state public employment collective bargaining statute (RCW 41.56.010), the State of Washington designates Individual Providers as "employees" of the State for purposes of compelling them to join, pay dues to and accept as their exclusive representative, a State-sanctioned union, Service Employees International Union Healthcare 775 NW ("SEIU").  However, the State refuses to recognize them as employees for any other purpose, including their right to overtime pay and the right to receive benefits under the State Public Employee Retirement System ("PERS").

1.3     Plaintiffs allege that the State cannot have it both ways.  The first amendment to the United States Constitution forbids a State to compel individuals to join an advocacy group, pay dues to it and accept it as their exclusive representative for purposes of lobbying the State with respect to a public benefits program, unless those individuals are employees of the State. Therefore, if Plaintiffs are State employees such that they may lawfully be compelled to join SEIU, then they are State employees for other purposes, such as the right to overtime pay and retirement benefits.  Alternatively, if Plaintiffs are not in fact employees of the State, then the State has acted unlawfully in compelling them to join SEIU and accept it as their representative.

## II.     PARTIES

2.1     Plaintiffs.  Plaintiffs Pamela Centeno, Mary Hoffman, Janice Wilen and Susan Routh (collectively "Class Representatives") are individuals residing in King County, Washington.

2.2     Defendant.  Defendant Department of Social and Health Services of the State of Washington ("DSHS") is the social services agency for the State of Washington.

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 2

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

### III.   JURISDICTION AND VENUE

3.1   <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because it includes a claim brought pursuant to 42 U.S.C. § 1983 and the first and fourteenth amendments to the United States Constitution.  This Court has pendent jurisdiction over the state-law claims under 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy and the claims over which this Court has original jurisdiction.

3.2   <u>Personal Jurisdiction</u>.  The Court has personal jurisdiction over all parties.

3.3   <u>Venue</u>.  Venue in this district is proper under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this lawsuit occurred in this district, and because the defendant resides in this district.

### IV.   CLASS ACTION ALLEGATIONS

4.1   <u>Numerosity</u>.  The class that Class Representatives seek to represent is comprised of all persons who are currently, or who have been at any time during the previous five years, Individual Providers within the meaning of RCW 74.39A.240.  That statute defines an Individual Provider as

> a person, including a personal aide, who has contracted with [DSHS] to provide personal care or respite care services to functionally disabled persons under the Medicaid personal care, community options program entry system, chore services program, or respite care program, or to provide respite care or residential services and support to persons with developmental disabilities under chapter 71A.12 RCW, or to provide respite care as defined in RCW 74.13. 270.

*Id.*  On information and belief, there are thousands of Individual Providers in the State of Washington.

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 3

4.2    <u>Commonality</u>.  All members of the class have been subjected to the same deprivation of rights as employees of the State, including the right to overtime pay and the right to participate in Washington's Public Employee Retirement System ("PERS").  All members of the class have been compelled to join SEIU, pay dues to that union and accept it as their sole and exclusive representative.  All members of the class are subject to the same terms and conditions set forth in the applicable collective bargaining agreement ("CBA").  All members of the class are subjected to the same level of State control over the performance of their job duties.

4.3.    <u>Typicality</u>.  The claims of the Class Representatives are typical of the class because they have been forced to join SEIU against their will and have been and continue to be deprived of overtime pay and PERS benefits.  Class Representatives are subjected to the same terms and conditions of the CBA, and the same level of State control over the performance of their job duties as the other members of the class.

4.4.    <u>Adequacy of Representation</u>.  Class Representatives will adequately represent the class because they are able and willing to vigorously prosecute this action on behalf of themselves and class members.  Class Representatives have strong individual interests in this litigation because (1) each has been the in-home caregiver for their respective disabled children for a number of years; (2) each believes that the State's treatment of Individual Providers as second-class State employees harms not only the Individual Providers themselves, but also threatens to degrade the quality of care that vulnerable consumers receive; and (3) each believes it is unfair and unlawful to be forced to join and pay dues to a labor union against their will.  Class Representatives do not have any interests that conflict with the class.  Class counsel have

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 4

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

significant experience in class action litigation, including class litigation on behalf of public sector employees, and have the resources and experience to prosecute this class action.

4.5. <u>Threat of Inconsistent Rulings</u>. The prosecution of multiple individual actions by Individual Providers to redress the State's unlawful conduct would create the risk of inconsistent rulings. Such rulings would subject Defendant to differing standards of conduct with regard to the provision of the same services statewide.

4.6 <u>Impairment of Absent Parties' Interests</u>. The prosecution of individual actions by Independent Providers would as a practical matter dispose of the interests of absent Individual Providers, by creating standards of conduct that would be applicable to all Individual Providers alike.

4.7. <u>Defendants Acted On Grounds Applicable To Entire Class</u>. The policy challenged in this litigation—to treat Individual Providers as employees for some purposes but not for purposes of overtime pay and PERS eligibility—applies to all members of the class. The Defendant treated all members of the class similarly with respect to that policy.

4.8. <u>Common Questions Predominate</u>. The questions and issues common to the class predominate over any matters that may require resolution on an individual basis. The crux of this dispute is the legality of the State's policy, which policy applies to all class members alike. A class action is the most efficient means of adjudicating the rights and responsibilities of the defendants and the class, and is far superior to numerous individual lawsuits challenging the same policy.

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 5

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## V.    FACTS ENTITLING THE CLASS TO RELIEF

5.1    <u>Provision of Home Care Prior To May 19, 2009</u>.  Prior to the Legislature's May 19, 2009 amendment of RCW 74.39A ("Long Term Care Services Options"), individuals with developmental disabilities who needed in-home care could receive that care from one of several sources.  "Contract Providers" were private entities that enter contracts with the county or state to provide individual care through employees.  "Individual Providers" were caregivers who are not employees of a Contract Provider.  "Family Member Providers" were neither Individual Providers nor employees of Contract Providers.  Rather, they were family members of the disabled individual who were certified as caregivers by DSHS.  The majority of Family Member Providers provided services under the auspices of an agency-employer, which handled training, supervision, payroll services, and the like.  All three categories of caregivers received payment for services from federal Medicaid funds.

5.2    <u>RCW 74.39A.270 Unlawfully Turned Individual Providers Into Quasi-Employees of the State</u>:  In 2008 the Legislature deemed all Individual Providers to be State employees, but <u>only</u> for the purpose of forcing them to join SEIU, pay union dues, work under a collective bargaining agreement, and accept SEIU as their representative vis-a-vis the State.  RCW 74.39A.270.  Plaintiffs were denied crucial rights and privileges of State employment, including overtime pay and retirement benefits.  To rationalize the quasi- employee status it had created for Individual Providers, the State engages a fiction—that the functions traditionally performed by an employer—such as hiring, firing and supervision of Individual Providers—are performed by the disabled clients who the Individual Providers serve.  As the State is well aware, however, the vast majority of Individual Providers' clients are physically and mentally unable to perform any of those functions.

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 6

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

5.3     RCW 74.39A.326 Forced Family Member Caregivers Out Of Home Care Agencies.  Effective May 19, 2009 the Legislature prohibited DSHS from continuing to reimburse Home Care Agencies for services provided by Family Member Providers.  RCW 74.39A.326.  This forced all Family Care Providers to become Individual Providers if they wished to continue to care for their disabled family member clients.  Many of the Home Care Agencies had provided valuable benefits to their Family Care Provider employees, including training, supervision, overtime pay and retirement benefits.  Family Care Providers lost these benefits once they were forced out of Home Care Agencies.

5.4     Under Settled Principles of Agency, the State Is the Employer of Individual Providers For All Purposes, Including for Purposes of Wage and Hour Regulations and PERS Eligibility.  The State is not permitted to create a new quasi-employment status that enables it to pick and choose which "employer" prerogatives it will exercise and which "employer" obligations it will avoid.  Rather, the State has created an employment relationship for all purposes.  Facts in support of this include but are not limited to the following:

5.4(a).  Right of Control.  The State retains the right and the responsibility to supervise and control the work of Independent Providers.  The CBA states as follows, in a section entitled "Employer Rights":

> is understood and agreed by the parties that the Employer [the State] has core management rights . . . The parties agree that all rights not specifically granted in this Agreement are reserved solely to the Employer and the Employer has the right to decide and implement its decisions regarding such management rights.

The CBA acknowledges the State's right to, among other things: (1) "establish qualifications of individual providers and reasonable standards of accountability" for

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 7

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

same, and (2) "determine the method, technological means and numbers and kinds of personnel by which operations are undertaken."  Indeed, because individual clients lack the wherewithal to perform the "employer" functions that they are formally entitled to perform, in practice the clients operate as "arms of the state."  As employees of arms of the state," Individual Providers are entitled to the benefits of State employment.

5.4(b) Hours. Further, the State exercises control over the number of hours for which an Individual Provider may be compensated for services to a particular client.  While on paper the clients have the right to hire and fire Individual Providers, the de facto right to hire and fire lies with the State.  The State determines the number of hours any Individual Provider can work for a client.   A client does not have the ability to increase the hours an Individual Provider can work for the client.  The State authorizes (or rejects) the payments to Individual Providers.

5.4 (c) Supervision.  Further, the practical realities of the type of work that Individual Providers perform (in-home specialized daily care and assistance, often on a twenty-four hour basis) means that the work is not amenable to the close administrative direction and supervision that the State exercises over other of its employees.  Accordingly, to the extent that the State does not directly control the daily performance of Individual Providers' tasks, its status as "employer," and the clients' status as arms of the State, are not diminished.

5.4(d).  Rate of Pay.  The rate and method of pay for Individual Providers is determined by the State through collective bargaining with a union that represents Individual Providers for that purpose.  In performing the function of setting Individual

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 8

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Providers' wages, the State explicitly functions as the "employer" of Individual Providers.

5.4(e).  Payroll, Federal Tax Reporting and Withholding of Wages.  Individual Providers are paid directly by DSHS, from State Medicaid funds.  DSHS is responsible for all "payroll" functions, including (1) the processing of time entries; (2) the maintenance of a database for such entries; (3) the auditing of same; and (4) payments to Individual Providers.  The disabled clients that DSHS characterizes as "employers" do not, and in most cases are unable to, play any role in the timekeeping and payment of wages to Individual Providers.

DSHS withholds Social Security and Medicare taxes from the wages of Individual Providers.  DSHS issues Form W-2 to Individual Providers, rather than Form 1099.  The Internal Revenue Service's instructions for Form W-2 explain that the form is intended for use by any "employer . . . who pays remuneration . . . for services performed by an employee."  By contrast, payments for services provided by an independent contractor are reported on Form 1099-MISC.  .

5.4(f).  Training.  Under the CBA and applicable statutes, the State funds a training program operated jointly by the State and SEIU.  RCW 74.39A.360.  The training partnership purports to provide all necessary training to Individual Providers, and prepares reports as required by DSHS, verifying that all individual providers have complied with those requirements.  Clients receiving services from Individual Providers do not, and in most cases are unable to, contribute to the training of their caregivers.

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 9

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

5.4(g).  Fringe Benefits.  The State provides some "fringe" benefits to Individual Providers, including paid time off and health insurance benefits provided pursuant to a trust.  Under the CBA the State contributes to health care insurance premiums for Individual Providers, and has the right to deduct health care premium payments from Individual Providers' wages to defray the costs of health insurance.

5.5.  <u>If Individual Providers Are Not State Employees In Substance, Then the State Has Acted Unlawfully in Forcing Them to Join SEIU</u>.  The First Amendment to the United States Constitution forbids a state to compel individuals to join an organization and/or accept that organization as their sole and exclusive agent for purposes of advocating for their interests with respect to a social welfare program, <u>unless</u> those individuals are employees of the State.  By operation of RCW 74.39A.270, the State compels Individual Providers to address any request, demand or grievance regarding any aspect of their employment under the control of the State (including, without limitation, their compensation) exclusively through one State-sanctioned entity – SEIU, and to accept that State-sanctioned entity as their agent and representative with respect to such matters.

In enacting RCW 74.39A.270, it appears that the State has attempted to label Individual Providers as State "employees" solely for the purpose of deeming its forced unionization of those workers compliant with the first amendment to the United States Constitution.  However, the United States Constitution demands more than semantic compliance with its limitations on State power over individuals' free speech and their right to petition the government.  If Individual Providers are not State employees in <u>substance</u>—that is, within the common-law meaning of the

term "employee"—then the State has acted unlawfully in compelling them to join and pay dues to SEIU.

## VI.    CAUSES OF ACTION

6.1    <u>Failure to Pay Overtime Wages</u>.  The Fair Labor Standards Act ("FLSA") and Washington's Minimum Wage Act require that an employee be paid at a rate not less than one and one-half times the standard rate of pay for any hours in excess of forty worked during one week.  29 U.S.C. § 207; RCW 49.46.130.  The State has failed (and continues to fail) to compensate Plaintiffs at the required overtime rate for work performed in excess of 40 hours during particular workweeks.

6.2    <u>Denial of PERS Benefits</u>.  People employed by the State of Washington—its agencies, political subdivisions, etc.—are entitled to participate in PERS.  RCW 41.40.010(12) & (13).  Plaintiffs are employees of the State of Washington and for that reason are entitled to participate in PERS.  The State has denied and continues to deny Plaintiffs that right.

6.3    <u>Impairment of Contract</u>.  As employees of the State of Washington, Plaintiffs are contractually entitled to overtime wages and pension benefits under Washington State's PERS program.  The State has unconstitutionally impaired Plaintiffs' right by failing to pay overtime wages and failing to enroll them in PERS and provide them benefits under PERS.

6.4.    <u>Violation of First and Fourteenth Amendments to the United States Constitution</u>. In the alternative, if Individual Providers are not employees of the State, the State has violated their First Amendment rights under the United States Constitution.  The First Amendment to the United States Constitution, by application of the Fourteenth Amendment, forbids states to infringe on citizens' right to associate, or to choose <u>not</u> to associate, for the expressive purposes of speech and of petitioning the government for a redress of grievances.

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

The State compels Plaintiffs to join SEIU, pay dues to SEIU and accept SEIU as their sole and exclusive agent with respect to those terms and conditions of their employment that are within the State's control.  As such, the State has decreed that Plaintiffs must utilize the State's chosen representative for the purpose of speaking to, petitioning, and otherwise lobbying the State and state officials with respect to certain aspects of the waiver program, including the rates of compensation that Plaintiffs receive for their services.  In so doing, the State has unlawfully infringed on Plaintiffs' First Amendment rights.

## VII.   RELIEF REQUESTED

Plaintiffs pray for the following relief:

If the Independent Providers are deemed to be employees of the State:

7.1(a)  <u>Declaratory and Injunctive Relief</u>.  An actual justiciable controversy currently exists between Plaintiffs and Defendant regarding Plaintiffs' right to overtime pay and PERS benefits.  Plaintiffs seek a declaration that they are employees of the State for purposes of overtime pay and PERS eligibility, and in injunction compelling the State to comply with applicable wage and hour laws and to take steps necessary to enroll Plaintiffs in PERS and issue appropriate retirement credits for work already performed.

7.1(b)  <u>Damages</u>.  The State has failed to pay Plaintiffs overtime pay, and has denied them PERS benefits to which they are entitled.  Plaintiffs seek an award of damages to make them whole for these losses.  Plaintiffs also request that those damages be doubled as provided under RCW 49.52.070.

7.1(c)  <u>Attorneys' Fees and Costs</u>.  For all reasonable fees and costs, including without limitation for attorney's fees pursuant to RCW 49.48.030, 49.52.070 and any other applicable statute, and/or an award of fees based on the common fund doctrine.

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

If the Independent Providers are deemed to be independent contractors:

7.2(a)   <u>Declaratory and Injunctive Relief</u>.   An actual justiciable controversy currently exists between Plaintiffs and Defendants regarding Plaintiffs' rights under the First Amendment to the United States Constitution to be free from state compulsion to join and fund the State's chosen representative (SEIU) for Individual Providers, for the purpose of petitioning the State with regard to benefits under the State's Medicaid program.  Plaintiffs seek a declaration that RCW 74.39A.270 violates the First Amendment to the United States Constitution by compelling membership in SEIU, and an order enjoining the State from further enforcement of that statute.

7.2(b)   <u>Damages</u>.  Plaintiffs seek an award of damages to compensate them for union membership dues that they were forced to pay by virtue of the State's unlawful enactment and enforcement of RCW 74.39A.270 and the collective bargaining agreements entered under the ostensible authority of that statute.  Plaintiffs further seek an award of nominal damages for violation of their rights under the First Amendment to the United States Constitution.

7.3   <u>Attorneys' Fees and Costs</u>.  For all reasonable fees and costs, including without limitation for attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable statute, and/or an award of fees based on the common fund doctrine.

/ / / / / /

/ / / / /

/ / / /

/ / /

/ /

/

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 13

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

7.4    <u>Further Relief</u>.  For such other relief as the Court deems just and equitable.

DATED this 11th day of February, 2014.

**CARSON & NOEL** PLLC
Attorneys for Plaintiffs

By  s/Wright A. Noel
        Wright A. Noel, WSBA #25264
        20 Sixth Avenue N.E.
        Issaquah, WA  98027
        Telephone:  (425) 837-4717 ext 106
        Facsimile:  (425) 837-5396
        Email:  wright@carsonnoel.com

DATED this 10th day of February, 2014.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Plaintiffs

By  *s/Jeffrey I. Tilden*
       *s/Michael P. Brown*
        Jeffrey I. Tilden, WSBA #12219
        Michael P. Brown, WSBA #45618
        1001 Fourth Avenue, Suite 4000
        Seattle, Washington 98154
        Telephone:  (206) 467-6477
        Facsimile:  (206) 467-6292
        Email:  jtilden@gordontilden.com
                    mbrown@gordontilden.com

COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF - 14

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292