UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAMELA CENTENO et al., <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN QUIGLEY, in his capacity as Secretary of the Department of Social and Health Services of the State of Washington; SEIU HEALTHCARE 775NW, <br><br> Defendants. | CASE NO. C14-200 MJP <br><br> ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR A PRELIMINARY INJUNCTION, AND PLAINTIFFS' MOTION TO AMEND |

THIS MATTER comes before the Court on Plaintiffs' Motion for Summary Judgment, or in the Alternative, for a Preliminary Injunction (Dkt. No. 29) and Plaintiffs' Motion for Leave to Amend Complaint (Dkt. No. 38). Having reviewed the motions, Defendant Kevin Quigley's ("the State's") Response to the Motion for Summary Judgment (Dkt. No. 41) and to the Motion for Leave to Amend (Dkt. No. 47), Defendant SEIU Healthcare 775NW's ("the Union's") Response to the Motion for Summary Judgment (Dkt. No. 43) and to the Motion for Leave to Amend (Dkt. No. 48), Plaintiffs' Replies on Summary Judgment (Dkt. No. 51) and Leave to

1  Amend (Dkt. No. 50), the Parties' Briefs and Supplement on the effect of the proposed amended

2  complaint on the summary judgment motion (Dkt. Nos. 56, 57, 58, 59), and all related papers,

3  and having heard argument on January 22, 2015, the Court hereby GRANTS the Motion for

4  Leave to Amend the Complaint as framed in Plaintiffs' Reply (Dkt. No. 50 at Ex. A) and

5  DENIES the Motion for Summary Judgment or for a Preliminary Injunction.

**Background**

This putative class action brought by individual home health care providers in Washington who do not wish to join a union comes in the wake of the Supreme Court's decision in Harris v. Quinn, 134 S.Ct. 2618 (2014). In Harris, the Supreme Court held with respect to Illinois home health care providers that are deemed employees solely for the purpose of collective bargaining that the imposition of involuntary "agency fee" payments to unions in lieu of equivalent union membership dues is a violation of the First Amendment. Id., 134 S.Ct. at 2639 ("[T]he agency-fee provision here [. . . .] does not serve a ' "compelling state interest . . . that cannot be achieved through means significantly less restrictive of associational freedoms."'") (citing Knox v. SEIU, 132 S.Ct. 2277, 2289 (2012)). The relationship between the state, the Union, and the home health care providers here at least superficially resembles the statutory scheme assessed by the Supreme Court in Harris, and the proposed Third Amended Complaint alleges that the two schemes are "similar." (Dkt. No. 50, Ex. 1 at 3.) Though the briefing did not make this fact entirely clear, the gravamen of Plaintiffs' suit is whether the State's alteration in practice in response to Harris—an opt-out as opposed to opt-in system for the imposition of the agency fee-type payments prescribed by the Washington statute—is as unconstitutional as the involuntary system struck down in Harris.

Plaintiffs now ask the Court for leave to file a Third Amended Complaint. (See Dkt. Nos. 38, 50.) They also move for summary judgment on their request for a declaratory judgment declaring Washington's statutory scheme and the collective bargaining agreement ("CBA") between the State and the Union unconstitutional, or in the alternative, a preliminary injunction preventing the State from making payroll deductions with respect to home health care providers who have not affirmatively indicated their wish to join the Union. (See Dkt. Nos. 29, 51.)

## Analysis

I.  Motion to Amend

At the time the Motion to Amend was filed (Dkt. No. 38), the Court had communicated to the parties that a new scheduling order would be appropriate after Defendant SEIU 775 was joined in the wake of the Second Amended Complaint. (See Dkt. Nos. 21, 22, 23.) The new scheduling order, entered after the motion to amend was fully briefed, extended the amended pleadings deadline to December 5, 2014. In deciding a motion to amend that falls after the first amendment as a matter of course but in accordance with the Court's scheduling order, the Court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. Foman v. Davis, 37 U.S. 178, 182 (1962); Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). Generally the Court should grant leave to amend liberally, but the Court may deny leave if amendment would be futile. Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010).

The State takes no position on Plaintiffs' proposed Third Amended Complaint (see Dkt. No. 47), while the Union initially opposed the amendment primarily on the grounds of legal futility, namely standing for Plaintiffs' additional state law claims. (Dkt. No. 48 at 6–11.)

1   However, Plaintiffs dropped their additional causes of action against the Union—discrimination
2   against non-members and breach of the duty of good faith—in their Reply. (See Dkt. No. 50 at
3   1–2.)

4         The Union's remaining objections to the Third Amended Complaint are related to undue
5   delay and the failure to cure deficiencies by amendments previously allowed. Much of the delay
6   and midstream legal maneuvering reflected in Plaintiffs' complaints in this matter can be
7   attributed to the decision of the Supreme Court in Harris; the parties are not prejudiced by the
8   actions of the Supreme Court. The Motion to Amend as reflected in the revised Third Amended
9   Complaint attached to Plaintiffs' Reply is granted; Plaintiffs should file Dkt. No. 50 Ex. A as the
10  Revised Third Amended Complaint.

11      II.    Motion for Summary Judgment

12        A threshold argument brought by both the State and the Union in their Responses is that
13  the "one-way intervention" rule embodied by the notice provision in Federal Rule of Civil
14  Procedure 23(c)(2) precludes a judgment on the merits of a class action prior to class
15  certification. (See State Resp., Dkt. No. 41 at 6–8; Union Resp., Dkt. No. 43 at 11–13.) See
16  Schwarzschild v. Tse, 69 F.3d 293 (9th Cir. 1995). This rule, if applicable, would prevent
17  adjudication of Plaintiffs' summary judgment claim, but not the claim for a preliminary
18  injunction. It is intended to prevent putative class members from waiting to intervene until a
19  favorable merits determination has taken place, thus preventing multiple opportunistic class
20  actions and safeguarding judicial economy. See Schwarzschild, 69 F.3d at 295 ("[T]he history of
21  the development of Rule 23(c)(2) makes clear that the rule was adopted to prevent 'one-way
22  intervention'—that is, the intervention of a plaintiff in a class action after an adjudication
23
24

1 favoring the class had taken place. Such intervention is termed 'one way' because the plaintiff

2 would not otherwise be bound by an adjudication in favor of the defendant.") (citation omitted).

3       Plaintiffs reply that the one-way intervention rule is applicable only to Rule 32(b)(3)

4 classes in putative absent class members have the right to opt out; in Rule 32(b)(1) and (2) class

5 actions, putative class members do not have the right to opt out and the rule is thus inapplicable.

6 (See Dkt. No. 51 at 12–14.)

7       Plaintiffs would be correct if they were seeking only a Rule 32(b)(1) and/or (2) class, but

8 they are also eventually seeking a Rule 32(b)(3) class for adjudication of their class-wide claim

9 for damages for unjust enrichment. (See Dkt. No. 50, Ex. A at 6–7 (alleging facts necessary to

10 support a Rule 32(b)(3) class); 11–12 (seeking class-wide damages for previously deducted

11 fees).) As the Union suggests, a holding that Article 4 of the CBA and/or RCW 41.56.113

12 violates the First Amendment rights of individual providers would be a prerequisite to damages

13 for previously deducted fees. (See Dkt. No. 43 at 13.) In other words, summary judgment on

14 Plaintiffs' request for declaratory relief would be a favorable adjudication on the merits of a

15 central component of the claim for class-wide relief, and the one-way intervention rule applies.

16       The summary judgment motion is premature prior to class certification and is denied.

17       III.    Preliminary Injunction

18       A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

19 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

20 balance of equities tips in his favor, and that an injunction is in the public interest. Winter v.

21 Natural Res. Def. Council, 555 U.S. 7, 20 (2008).

22       Both the State and the Union argue Plaintiffs are not currently experiencing injury

23 because the State has ceased making deductions from their pay and that Plaintiffs are not entitled

24

1  to seek a preliminary injunction on behalf of the absent class under Ninth Circuit precedent. (See
2  Dkt. No. 41 at 13–15; Dkt. No. 43 at 21–24.) They are correct. See M.R. v. Dreyfus, 697 F.3d
3  706, 738 (9th Cir. 2012).
4       Plaintiffs argue that defendants cannot pick off named class representatives in an effort to
5  moot the case, but this is not an issue of mooting the case. (See Dkt. No. 51 at 5–7.) Plaintiffs
6  may be entitled to a class-wide injunction after class certification, but they are not presently
7  suffering the personal injury which might justify a preliminary injunction. Without prejudice to a
8  request for an injunction after certification, the request for a preliminary injunction is denied.

### Conclusion

10       Plaintiffs' Motion to Amend (Dkt. No. 38) is GRANTED; Plaintiffs have leave to file
11  their proposed Revised Third Amended Complaint (Dkt. No. 50 at Ex. A). Plaintiffs' Motion for
12  Summary Judgment, or in the Alternative, for Preliminary Injunction is DENIED as premature
13  due to the one-way intervention rule and the absence of present injury to the named Plaintiffs.

15       Dated this 2nd day of February, 2015.

                              Marsha J. Pechman
                              Chief United States District Judge