Hon. Marsha J. Pechman

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| SUSAN ROUTH, LINDA EBY, MARY JANE AURDAL OLSON, DOUG SCHLYER and SANDY SCHLYER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEIU HEALTHCARE 775NW,<br><br>Defendant. | NO. 2:14-cv-00200 MJP<br><br>FOURTH AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs allege as follows:

### I. PARTIES

1.1  Plaintiffs Susan Routh, Linda Eby, Mary Jane Aurdal Olson, Doug Schlyer and Sandy Schlyer are individuals residing in the State of Washington. All are "Individual Providers" as defined in RCW 74.39A.240 and all have paid union dues and/or agency fees pursuant to the statutes and contracts challenged in this litigation.
FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES - 1
No. 2:14-cv-00200-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
600 University St., Ste. 2915
Seattle, WA 98101
Phone (206) 467-6477
Fax (206) 467-6292

1.2     Defendant SEIU Healthcare 775NW is a labor union that, according to its website, "represents more than 40,000 long-term care workers providing quality in-home care, nursing home care and adult day health services in Washington State and Montana."

## II.     JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because it includes a claim brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. The Court has pendent jurisdiction over the state law claims brought against SEIU because they arise out of the same transaction or occurrence as Plaintiffs' federal claims.

2.2     The Court has personal jurisdiction over Defendant because it resides in and transact business in the State of Washington.

2.3     Venue in this district is proper under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this lawsuit occurred in this district, and because the Defendant resides in this district.

## III.     CLASS ACTION ALLEGATIONS

3.1     Plaintiffs seek certification of two separate classes. The First Class is comprised of all Individual Providers who, at any point since February 14, 2011 were subjected to deductions of dues/agency fees without their explicit consent but who did not affirmatively object at any time to those deductions or to union membership. The Second Class is comprised of all Individual Providers who provided written notification to SEIU or the State of Washington that they objected to paying dues or fees to SEIU, and at any time since February 14, 2011 were

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES - 2
No. 2:14-CV-00200-MJP

GORDON TILDEN THOMAS & CORDELL LLP
600 University St., Ste. 2915
Seattle, WA 98101
Phone (206) 467-6477
Fax (206) 467-6292

subjected to automatic deductions of union dues or agency fees without their recorded, affirmative consent.

3.2     Plaintiffs satisfy the numerosity requirement because each class is comprised of thousands of Individual Providers.

3.3     Plaintiffs satisfy the commonality and typicality requirements. With respect to the damages claims asserted herein: (1) Doug Schlyer, Sandy Schlyer and all members of the First Class had money taken and paid to SEIU without their express, affirmative consent; and (2) Routh, Eby, Olson and all members of the Second Class affirmatively objected to paying money to SEIU and had money taken and paid to SEIU. The First Amendment to the U.S. Constitution prohibits deductions from the pay of Individual Providers, for the benefit of SEIU, without the Individual Providers' express, affirmative consent. As such, all members of both classes had deductions taken in violation of the First Amendment. Commonality and typicality exist with respect to Plaintiffs' state law claim for restitution/unjust enrichment because these claims are premised on the fact that the First Amendment requires express, affirmative consent and such consent was not obtained from class members prior to the deductions.

3.4     Plaintiffs satisfy the adequacy of representation requirement. Plaintiffs will adequately represent the classes because they are able and willing to vigorously prosecute this action on behalf of themselves and class members. Plaintiffs do not have any interests that conflict with the class. Class counsel have significant experience in class action litigation, including class litigation on behalf of public sector employees, and have the resources and experience to prosecute this class action.

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES - 3
No. 2:14-CV-00200-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
600 University St., Ste. 2915
Seattle, WA 98101
Phone (206) 467-6477
Fax (206) 467-6292

3.5     The prosecution of multiple individual actions by Individual Providers to redress SEIU's conduct challenged herein would create the risk of inconsistent rulings. Such rulings would subject SEIU to differing standards of conduct.

3.6     The prosecution of individual actions by Individual Providers would as a practical matter dispose of the interests of absent Individual Providers, by creating standards of conduct that would be applicable to all Individual Providers alike.

3.7     The statutes and conduct challenged in this litigation apply to all members of each respective class. SEIU treated all members of each class similarly with respect to those statutes and that conduct.

3.8     The questions and issues common to each class predominate over any matters that may require resolution on an individual basis. A class action is the most efficient means of adjudicating the rights and responsibilities of SEIU and the classes, and is superior to numerous individual lawsuits challenging the same policies.

## IV.     FACTS ENTITLING THE CLASS TO RELIEF

4.1     Prior to June 2014, the State of Washington took automatic monthly deductions from the paychecks of Individual Providers and delivered those funds to SEIU, including Individual Providers who did not expressly consent to those deductions and those who affirmatively objected. The only exception was made for "religious objectors," who could opt to have their deductions delivered to a nonprofit of their choice. That exception is not relevant to this lawsuit.

4.2     In June 2014 the State and SEIU ceased the practice of taking deductions from those who objected, in light of the Supreme Court's ruling, in *Harris v. Quinn*, 134 S. Ct. 2618

FOURTH AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES - 4
No. 2:14-CV-00200-MJP

GORDON TILDEN THOMAS & CORDELL LLP
600 University St., Ste. 2915
Seattle, WA 98101
Phone (206) 467-6477
Fax (206) 467-6292

(2014), that the First Amendment forbids states to take compulsory union deductions from persons who were not full-fledged public employees. But they continued to deduct money from all Individual Providers who had neither affirmatively consented nor objected, on the presumption that silence on the issue was tantamount to consent.

4.3 On June 26, 2018 the Supreme Court held that the First Amendment forbids states and unions to take union deductions without the workers' express, affirmative consent. *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018). In light of *Janus*, the State and SEIU ceased deductions from any Individual Providers who had not signed union membership cards.

4.4 Notwithstanding the fact that compulsory deductions and deductions without affirmative consent have been declared unconstitutional, SEIU has not refunded to Individual Providers the monies it received under those two deduction systems.

## V. CAUSES OF ACTION

### Violation of First and Fourteenth Amendments and 42 U.S.C. § 1983

Plaintiffs incorporate all of the above allegations as if fully set forth herein.

5.1 Plaintiffs have been harmed in that they were subjected to compulsory deductions and/or deductions without the affirmative consent required by the First Amendment, and have not received refunds of those monies. SEIU acted under color of state law in participating in and benefiting from these deduction systems.

### Unjust Enrichment

5.2 Plaintiffs have conferred benefits upon SEIU in the form of monies they paid over their objection and/or without their affirmative consent. SEIU acted in concert with the State to arrange for these deductions to go to SEIU. The circumstances under which those payments

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES - 5
No. 2:14-CV-00200-MJP

GORDON TILDEN THOMAS & CORDELL LLP
600 University St., Ste. 2915
Seattle, WA 98101
Phone (206) 467-6477
Fax (206) 467-6292

were made render it unjust for SEIU to retain those monies, and give Plaintiffs a right to have those funds restored to them.

## VI. JURY DEMAND

6.1 Plaintiffs demand a trial by jury on their claim for money damages.

## VII. RELIEF REQUESTED

7.1 Plaintiffs are entitled to damages in the amount of the monies unlawfully taken from them in violation of the First Amendment. Alternatively, they are entitled to restitution of those monies under the doctrine of unjust enrichment.

7.2 Plaintiffs seek an award of all reasonable fees and costs, including without limitation for attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable statute, and/or an award of fees based on the common fund doctrine.

7.3 Plaintiffs seek an award of prejudgment interest.

7.4 Plaintiffs request such other relief as the Court deems just and equitable.

DATED this 8th day of January, 2019.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiffs

By   *s/Michael P. Brown*_____
Jeffrey I. Tilden, WSBA #12219
Michael P. Brown, WSBA #45618
600 University St., Ste. 2915
Seattle, WA 98101
Telephone: (206) 467-6477
Email:    jtilden@gordontilden.com
              mbrown@gordontilden.com

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES - 6
No. 2:14-CV-00200-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
600 University St., Ste. 2915
Seattle, WA 98101
Phone (206) 467-6477
Fax (206) 467-6292

**CARSON & NOEL PLLC**
Attorneys for Plaintiffs

By  s/ *Wright A. Noel*
    Wright A. Noel, WSBA #25264
    20 Sixth Avenue N.E.
    Issaquah, WA  98027
    Telephone: (425) 837-4717 (Ext. 106)
    Email:    wright@carsonnoel.com

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES - 7
No. 2:14-CV-00200-MJP

GORDON TILDEN THOMAS & CORDELL LLP
600 University St., Ste. 2915
Seattle, WA  98101
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2019, a true and correct copy of the foregoing was served on counsel via electronic mail only as follows:

**Attorneys for Defendant SEIU:**
Michael C. Subit, WSBA #29189
Beth Barrett Bloom, WSBA #31702
Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104-1798
msubit@frankfreed.com
bbloom@frankfreed.com

Scott A. Kronland, Admitted Pro Hac Vice
Altshuler Berzon, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
skronland@altber.com

    s/ *Michael P. Brown*
Michael P. Brown, WSBA #45618

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES - 8
No. 2:14-CV-00200-MJP

GORDON TILDEN THOMAS & CORDELL LLP
600 University St., Ste. 2915
Seattle, WA 98101
Phone (206) 467-6477
Fax (206) 467-6292